IN THE UNITED STATES DISTRICT COURTCO
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| CONTIGUITY LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JENOPTIK NORTH AMERICA, INC.<br>AND JENOPTIK OPTICAL SYSTEMS, LLC<br><br>　　　　　Defendant. | Case No. 9:23-cv-80233<br><br>Claims for Patent Infringement<br><br>Jury Trial Demanded |

COMPLAINT FOR PATENT INFRINGEMENT

1. Contiguity LLC ("Plaintiff" OR "Contiguity") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,031,084 ("the '084 patent") (referred to as the "Patent-in-Suit") by Jenoptik North America, Inc. and Jenoptik Optical Systems, LLC ("Defendant" or "Jenoptik"). A copy of the '084 patent is attached hereto and incorporated herein as Exhibit A.

PARTIES

2. Plaintiff is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003 New York, NY 10001.

3. On information and belief, Defendant Jenoptik North America, Inc. ("Jenoptik North America") is a corporation organized and existing under the laws of the State of Delaware and registered to do business in the State of Florida. On information and belief, Defendant Jenoptik Optical Systems, LLC ("Jenoptik Optical") is a corporation organized and existing under the laws of the State of Florida. Both defendants maintain their principal place of business at 16490

Innovation Dr, Jupiter, FL, 33478. On information and belief, both defendants sell and offer to sell products and services throughout Florida, including in this judicial district, and introduce products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Florida and this judicial district.

4. Both defendants can be served with process through their registered agent, CT Corporation System, 1200 S Pine Island Rd., Plantation, FL 33324, at its place of business, or anywhere else it may be found.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over both defendants because they have engaged in systematic and continuous business activities in this District. As described below, Defendants have committed acts of patent infringement within this District giving rise to this action.

## VENUE

8. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant Jenoptik Optical is a Florida entity and both defendants have committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district as a result of their acts of alleged infringement.

///

PATENT-IN-SUIT

9. Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,031,084 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

THE '084 PATENT

10. The '084 Patent is entitled "Method and system for infraction detection based on vehicle traffic flow data," and issued 2011-10-04. The application leading to the '084 Patent was filed on 2010-10-19. A true and correct copy of the '084 Patent is attached hereto as Exhibit A and incorporated herein by reference.

COUNT 1: INFRINGEMENT OF THE '084 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. Direct Infringement. Defendants haves been and continue to directly infringe one or more claims of the '084 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendants' products identified in the charts attached hereto as Exhibit B and incorporated by reference into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '084 Patent also identified in the charts incorporated into this Count below (the "Exemplary '084 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '084 Patent have been made, used, sold, imported, and offered for sale by Defendants and/or their customers.

13. Defendant also have and continue to directly infringe, literally or under the doctrine of equivalents the Exemplary '084 Patent Claims, by having their employees internally test and use these Exemplary Products.

14. Actual Knowledge of Infringement. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

15. Despite such actual knowledge, Defendants continue to make, use, test, sell, offer for sale, market, and/or import into the United States products that infringe the '084 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use their products in the customary and intended manner that infringes the '084 Patent. See Exhibit B attached hereto (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

16. Induced Infringement. On information and belief, the Defendants have actively, knowingly, and intentionally continued to induce infringement of the '084 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '084 Patent.

17. Exhibit B includes charts comparing the Exemplary '084 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '084 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '084 Patent Claims.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit B.

19.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     Entry of judgment that the '084 Patent is valid and enforceable.

B.     Entry of judgment that Defendant Jenoptik North America has infringed directly and indirectly one or more claims of the '084 Patent;

C.     Entry of judgment that Defendant Jenoptik Optical has infringed directly and indirectly one or more claims of the '084 Patent;

D.     An accounting of all damages not presented at trial;

E.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' past, continuing or future infringement, up until the date such judgment is entered with respect to the '084 Patent, including pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284; and

F.     if necessary, to adequately compensate Plaintiff for Defendants' infringement, a declaration that:

   i.   this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorney's fees against Defendants that it incurs in prosecuting this action;

   ii. Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. Plaintiff be awarded such further and other relief at law or in equity as the Court deems necessary, just and proper.

DATED: February 13, 2023     Respectfully submitted,

              By: */s/ Victoria E. Brieant*
              Victoria E. Brieant (FBN 632961)
              Law Office of Victoria E. Brieant, P.A.
              4000 Ponce de Leon Boulevard, Suite 470
              Coral Gables, FL  33146
              Email: Victoria@brieantlaw.com
              Telephone: (305) 421-7200

              Attorney For Plaintiff
              Continuity LLC.